NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| F.E.A., INC.,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOES 1-5, JANE DOES 1-4 AND XYZ COMPANY,<br><br>    Defendants. | Case No. CV 16-03062-AB (JEMx)<br><br>[~~PROPOSED~~] **PRELIMINARY INJUNCTION AND SEIZURE ORDER** |

    Plaintiff F.E.A., Inc. ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, service marks, likenesses, logos, and/or other indicia of the Group **"JOURNEY"** (collectively the "Group's Trademarks") and ordering the seizure and impounding of such articles; Plaintiff's application having come on for a hearing before the Honorable André Birotte Jr. on the 16th day of May, 2016, at the United States Courthouse in the Central District of California; and Plaintiff having appeared by its attorneys, and there having been no other appearances;

    Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings in this matter, the Court hereby finds:

    1.    By reason of the substantial and continuous use of the Group's Trademarks

PRELIMINARY INJUNCTION AND SEIZURE ORDER

in connection with the Group's work as performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2. The Defendants, and those in active concert or participation with such Defendants, have infringed upon Plaintiff's rights in the Group's Trademarks, as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3. The Defendants' acts, and those in active concert or participation with them, constitute a violation of the U. S. Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademark and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods; and

4. Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said Defendants, are enjoined and restrained from:

(A) Using any or all of the Group's Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B) Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Trademarks; or

( c) Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers"), are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Group's Trademarks (i.e. of **JOURNEY**) or any colorable imitations or variations thereof, or associated marks which Defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from four (4) hours before to four (4) hours after any performance of the Group within a four (4) mile vicinity of the halls, stadiums or arenas at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.  All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED**, that service of a copy of this Order, together with the Summons and Complaint, be made upon Defendants personally by the Process Servers before the seizure provided herein is effected so as to provide actual notice of this Order as required by Rule 65(d)(2) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED,** that each and every Defendant served with a copy of this Order promptly identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the Defendant.

**IT IS FURTHER ORDERED**, that the Process Server shall offer a receipt to

each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED**, that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED**, that the bond deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: May 17, 2016  
Time: 11:52 AM

_____  
 **HON. ANDRÉ BIROTTE JR.**  
 **UNITED STATES DISTRICT JUDGE**

CC: Fiscal, USM

-4-

PRELIMINARY INJUNCTION AND SEIZURE ORDER